UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MITZI L. BRYANT                                                                                           PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:18-cv-813-DPJ-FKB

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY                                                   DEFENDANT

REPORT AND RECOMMENDATION

Plaintiff Mitzi L. Bryant has filed a complaint in this Court pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383 (c)(3) for review of the Social Security Commissioner's decision denying her application for a Period of Disability and Disability Insurance Benefits. Plaintiff has also filed a Motion to Proceed In Forma Pauperis [3] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed by Plaintiff with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Although Plaintiff does not have income, her husband is employed, she owns two vehicles, and she pays no rent or home-mortgage payment.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety days to pay.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, motor vehicles, and a monthly income.  Because she will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before April 2, 2019.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by April 2, 2019, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of January, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE